FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2011 NOV 28 PM 3: 45
CLERK ?  Auf
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CHRISTOPHER D. YOUNG,

    Plaintiff,

v.

Sgt. JOHNATHAN BEARD and
Master Sgt. JERRICK LAWSON,

    Defendants.

CIVIL ACTION NO.: CV210-178

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is presently detained at the Glynn County Detention Center in Brunswick, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. Defendants filed a Motion for Summary Judgment to which Plaintiff responded. For the reasons which follow, Defendants' Motion should be **DENIED**.

## STATEMENT OF THE CASE

Plaintiff states that he was voluntarily lying on the floor with his hands behind his back. Plaintiff claims Defendants Beard and Lawson entered his pod, and Defendant Lawson ordered Defendant Beard to shoot Plaintiff with a taser. Plaintiff asserts that Defendant Beard shot him with the taser while he was still lying on his stomach. Plaintiff states he suffered injuries and mental anguish as a result of this encounter. Defendants assert that they did not use excessive force against Plaintiff and are entitled to qualified immunity.

## STANDARD OF REVIEW

Summary judgment "shall" be granted if "the movant[s] show[ ] that there is no genuine dispute as to any material fact and that the movant[s are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp.2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)), and (Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving parties bear the burden of establishing that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant[s are] entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322-23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a

AO 72A
(Rev. 8/82)

light most favorable to the nonmoving party. <u>Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Co., Fla.</u>, 630 F.3d 1346, 1353 (11th Cir. 2011).

## DISCUSSION AND CITATION TO AUTHORITY

Defendants contend that Plaintiff had refused "numerous commands" to go back to his cell before he was tasered. (Doc. No. 18-1, p. 9). Defendants assert that, during his refusals, Plaintiff used profanity and told them he would not return to his cell. Defendants also assert that they knew Plaintiff had threatened to hurt detention officers previously. Defendant Lawson alleges that he knew that Plaintiff had assaulted another inmate one (1) month before the taser incident. Thus, Defendants maintain, they were authorized to use the taser against Plaintiff to prevent harm. Defendants assert that the use of the taser was reasonable under the circumstances, that there is no evidence that Plaintiff suffered any permanent or substantial injury, that there was a substantial threat to the detention center officers, and that they tempered any severity of their actions by having a nurse "tend to" Plaintiff immediately after he was tasered. (<u>Id.</u> at p. 11).

Plaintiff contends that Defendants tasered him without cause. Plaintiff asserts that he was on the floor outside of his cell with his hands behind his back, did not use any aggressive moves, and submitted to officers, as he was lying on the floor. Plaintiff also asserts that Defendants were demoted as a result of this incident. Plaintiff further asserts that there is a video at the Detention Center which supports his claims.

Qualified immunity protects government officials performing discretionary functions from suit in their individual capacities, so long as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Gonzalez v. Reno</u>, 325 F.3d 1228, 1232 (11th Cir. 2003) (quoting <u>Hope</u>

AO 72A
(Rev. 8/82)

v. Pelzer, 536 U.S. 730, 739 (2002)). Government officials must first prove that they were acting within their discretionary authority. Id. at 1233; Ray v. Foltz, 370 F.3d 1079, 1081-82 (11th Cir. 2004). Government officials act within their discretionary authority if objective circumstances compel the conclusion that challenged actions occurred in the performance of the officials' duties and within the scope of this authority. Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1303 (11th Cir. 2006). Once the government officials have shown they were acting within their discretionary authority, the burden shifts to the Plaintiff to show that the Defendants are not entitled to qualified immunity. The Supreme Court has established a two-part test to determine the applicability of qualified immunity: the court must determine whether plaintiff's allegations, if true, establish a constitutional violation, and whether the right was clearly established." Saucier v. Katz, 533 U.S. 194, 201 (2001)[1]; Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1264 (11th Cir. 2004).

The Eighth Amendment's prohibition against the use of cruel and unusual punishment governs the amount of force that prison officials are entitled to use. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). An excessive force claim has two requisite parts: an objective and a subjective component. Sims v. Mashburn, 25 F.3d 980, 983 (11th Cir. 1994). In order to satisfy the objective component, the inmate must show that the prison officials' conduct was "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). The subjective component requires a showing that the force used was "maliciously and sadistically for the very purpose of causing harm" rather than a good-faith effort to maintain or restore discipline. Whitley v. Albers, 475

---

[1] In Pearson v. Callahan, 555 U.S. 223, 236 (2009), the Supreme Court held that courts can exercise discretion in deciding which of the two Saucier prongs should be addressed first in light of the particular case at hand.

4

U.S. 312, 320-21 (1986). In order to determine whether the force was used for the malicious and sadistic purpose of causing harm or whether the force was applied in good faith, the following factors are relevant: the need for the exercise of force, the relationship between the need for force and the force applied, the extent of injury that the inmate suffered, the extent of the threat to the safety of staff and other inmates, and any efforts taken to temper the severity of a forceful response. Fennell v. Gilstrap, 559 F.3d 1212, 1217 (11th Cir. 2009). In other words, to establish a claim for excessive force, the plaintiff must show that (1) the defendants acted with a malicious and sadistic purpose to inflict harm, and (2) that more than a de minimis injury resulted. Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002).

Based on the sparse documentation in the record, the Court can not now determine whether Plaintiff suffered more than a de minimis injury as a result of being tasered by Defendants. There is evidence that Mrs. Johnson, whom the undersigned presumes works in the medical department, came to Plaintiff's cell to remove the taser prongs immediately after this incident. (Doc. No. 1, p. 7). However, there are genuine disputes as to the material facts underlying resolution of the remaining factors. According to Plaintiff and his three (3) witnesses, Defendants used a taser against Plaintiff without provocation, and it was Defendants who used profanity with Plaintiff. (Id. at pp. 5, 7-10). In contrast, Defendants assert that Plaintiff refused to return to his cell and used profanity against Defendants. (Doc. No. 18-3, pp. 1-2; Doc. No. 18-4, p. 2). In addition, Defendants, in their Affidavits, make the legal conclusion that using a taser against Plaintiff—or any amount of force—was "appropriate" under the circumstances. (Doc. No. 18-3, p. 3; Doc. No. 18-4, p. 2). The undersigned notes Defendants'

AO 72A
(Rev. 8/82)

assertions that Plaintiff had violated numerous policies at the Detention Center, that Plaintiff had threatened to physically harm detention center officers and other inmates on some undefined previous occasion or occasions, and that Plaintiff assaulted another inmate about one (1) month prior to the taser incident on October 12, 2010. (Doc. No. 18-2, pp. 2-3; Doc. No. 18-3, pp. 2-3; Doc. No. 18-4, p. 2). While the undersigned does not discount Defendants' asserted belief that Plaintiff's reputed history justified the use of a taser against him, the events of October 12, 2010, cannot be judged based on Plaintiff's reputation, particularly in light of any threatened or actual harm from Plaintiff having happened a month or so prior to this incident. Moreover, the undersigned observes Plaintiff's contention that there is a video of this incident which supports his contentions; however, the parties did not submit this video (if it even exists) in support of their respective positions. In short, Defendants have not met their burden of establishing entitlement to summary judgment in their favor—either on the merits of Plaintiff's excessive use of force claim or on the basis of qualified immunity.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion for Summary Judgment be **DENIED**.

**SO ORDERED**, this 28th day of November, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)